UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV-P384-R

**CLAUDE R. COX**                                                         **PLAINTIFF**

**v.**

**UNSPECIFIED DEFENDANT**                               **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Claude R. Cox, *pro se*, initiated this action by filing a motion for name change. He seeks to have his name changed to Lisa L. Cox because "I feel that my Dad's real name should be laid too rest for ever with my Father and I really do hate the name that I was given."[1]

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting

---

[1] As a "three-striker" under 28 U.S.C. § 1915(g), Plaintiff Cox is prohibited from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. Plaintiff Cox, however, has filed numerous suits in this Court seeking to have his name changed. In an attempt to eliminate future filings by Plaintiff Cox on the name-change issue and concomitantly conserve judicial resources in the future, the Court will address the request for name change without requiring payment of the filing fee on this one occasion only. Should Plaintiff Cox file future actions seeking to have his name changed, the Court will require him to pay the filing fee in full in each action filed.

*Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiff Cox fails to specify the jurisdictional basis of his action, and the Court, even under the most liberal of constructions, finds no jurisdictional basis for Plaintiff Cox's filing of this action in federal court.

Under the diversity statute, *see* 28 U.S.C. § 1332, the Court has jurisdiction over suits between citizens of different states when the amount in controversy exceeds $75,000. Here, Plaintiff Cox fails even to specify a defendant, much less demonstrate diversity of citizenship between the parties, and he seeks no damages. Jurisdiction, therefore, cannot be based upon § 1332.

Plaintiff Cox additionally fails to establish federal-question jurisdiction under 28 U.S.C. § 1331 as he fails to specify any federal law or federal constitutional provision (and none exists) upon which jurisdiction can be based. Rather, a name change is a matter to be handled by the *state* courts. *See* KY. REV. STAT. ANN. § 401.010 ("Any person at least eighteen (18) years of age may have his name changed by the District Court of the county in which he resides.").

As this Court lacks subject matter jurisdiction over Plaintiff Cox's name-change request, the action will be dismissed by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.005